IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH CORSO,

    *Plaintiff,*

  v.

CONCORDIA HEALTHCARE USA, INC.,

    *Defendant.*

No. 21-cv-353-SB

---

Kevin Scott Mann, CROSS & SIMON, LLC, Wilmington, Delaware; David B. Gordon, Tiana A. Bey, MITCHELL SILBERBERG & KNUPP LLP, New York, New York

    *Counsel for Plaintiff*

Alessandra Glorioso, Angela E. Dralle, William J. Miller, DORSEY & WHITNEY LLP, Wilmington, Delaware

    *Counsel for Defendant*

---

MEMORANDUM OPINION

April 13, 2023

BIBAS, *Circuit Judge*, sitting by designation.

In my last opinion, I granted partial summary judgment for each party, letting Corso recover $669,600 in interest payments. D.I. 66. I then gave the parties two weeks to brief the issue of prejudgment interest. *Id.* I now calculate pre- and post-judgment interest and enter final judgment in the amount of $831,916.85.

1. *Corso is entitled to prejudgment interest.* In general, "Delaware law awards pre-judgment interest as a matter of right." *Balooshi v. GVP Glob. Corp.*, 2022 WL 576819, at *14 (Del. Super. Ct. Feb. 25, 2022). But Concordia says Corso has no right to it or that it should begin accruing later than the date of the breach. Concordia is mistaken.

First, Concordia says the total-breach rule should apply not just to the contract's principal payments, but also its interest payments. D.I. 67, at 1. But this argument is not about *prejudgment* interest; it relitigates the substance of the case. So I reiterate part of the summary-judgment opinion: True, the interest payments were "also tied to the outstanding principal." D.I. 65, at 12. But the exception to the total-breach rule requires that the payments be "not related *to one another.*" *Id.* at 15 (emphasis added, internal quotation marks omitted). Though the interest payments had some relationship through the principal payments, that relationship was a layer removed. So they were independent enough that "the failure to make one interest payment did not substantially affect [Corso's] expectation in future ones." *Id.* (internal quotation marks omitted, alteration in original).

Second, Concordia argues that "Corso 'essentially forgave the Company's breaches' until the date he filed suit and thereby made an unconditional and 'unrequited demand,' so pre-judgment interest should not begin to accrue until March 9, 2021." D.I. 67, at 2 (quoting *Balooshi*, 2022 WL 576819, at *14). Not so. "In contract actions, pre-judgment interest is computed from the date of the breach." *Balooshi*, 2022 WL 576819, at *1. And I already decided that each breach occurred when each

payment came due. *See* D.I. 65, at 14, 17–18. Plus, even according to the case that Concordia cites, Corso did not forgive Concordia, because he made "demands for assurances" on several occasions. *Balooshi*, 2022 WL 576819, at *14; *see* D.I. 65 at 20–21. So Corso is entitled to prejudgment interest accruing from the dates of breach.

3. *Calculating prejudgment interest*. Next, the parties dispute the prejudgment interest rate. Concordia says I should use the 6% rate for interest payments from the contract; Corso says I should use the Delaware statutory rate. Corso is right.

Although the Delaware prejudgment-interest statute can be displaced by a "contract rate," there is no such rate here. 6 Del. C. § 2301(a). The contract does not set an all-purpose rate. Instead, the only time it mentions the 6% rate is when referring to the "interest in arrears on the unpaid principal balance." D.I. 1-1, at 2. Because the contract "fixes the rate of interest to be paid before maturity but is silent as to the interest to be paid thereafter in case of default," I apply the "statutory rate of interest, rather than the contract rate." *Martin v. Star Pub. Co.*, 107 A.2d 795, 796 (Del. Super. Ct. 1954).

The statutory rate is "5% over the Federal Reserve discount rate" as of the date of the breach. 6 Del. C. § 2301(a); *Balooshi*, 2022 WL 576819, at *14. The breaches here occurred on October 25, 2018, 2019, and 2020. And I am entering final judgment on April 13, 2023. So interest has accrued for 1,631, 1,266, and 900 days, respectively.

On the breach dates, the Federal Reserve discount rate was 2.75%, 2.25%, and 0.25%. Fed. Rsrv. Bank, Interest Rates, Discount Rate for United States,

3

https://fred.stlouisfed.org/graph/?g=jafQ#0. So the prejudgment interest rates are 7.75%, 7.25%, and 5.25%. Corso asks for simple interest. D.I. 68, at *3.

Thus, the prejudgment interest amounts are $77,295.99, $56,127.16, and $28,893.70, totaling $162,316.85. Combined with the $669,600, the total amount owed to Corso is $831,916.85.

4. *Calculating post-judgment interest.* As for post-judgment interest, it compounds annually at the federal statutory rate: "[T]he weekly average 1-year constant maturity Treasury yield … for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Last week, that was 4.53%. Fed. Rsrv. Bank, Market Yield on U.S. Treasury Securities at 1-year Constant Maturity, Quoted on an Investment Basis, https://fred.stlouisfed.org/series/DGS1. And post-judgment interest runs from the "date of the entry of the judgment" to the date of payment. § 1961(a), (b). So post-judgment interest will accrue on the $831,916.85 from April 13, 2022, at an annually compounding rate of 4.53%.